In the Matter of the Claim of EDWIN GROSSKOPF, Respondent, against WHITE MOTOR COMPANY et al., Appellants, and NATIONAL SUPPLY Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— The appellant employer and its carrier appeal from a decision of the Workmen's Compensation Board holding them and the respondent employer and its carrier equally responsible for the award made to the claimant. On July 21, 1952 the claimant injured his left knee while working for the respondent employer. On August 25, 1955 while in the course of his employment for the appellant employer the claimant was climbing a 75-foot ladder to the top of a crane when his left knee gave way. After dragging himself up a short distance he experienced a sharp pain in his chest. He continued up the ladder with assistance, rested for awhile and then climbed down and went to his hotel room. He had chest pains through the night and the next morning when getting in his car to return to work on the crane he collapsed and was taken to a hospital. His condition was diagnosed as a myocardial infarction. The Referee discharged the respondent employer and held the appellant employer responsible for

the entire award. On review the board found the knee injury of July 21, 1952 to be the proximate cause of the 1955 accident and held both employers equally responsible. The appellants assert that since the knee injury of 1952 was found to be the proximate cause of the 1955 accident they should not have been held responsible for any part of the award made to the claimant. When the board referred to the 1952 injury as *the* proximate cause, it seems clear that they did not intend to find it the sole cause as it is evident they found that the climbing of the ladder in 1955 was a contributing factor in the claimant's resulting disability. They found that his heart condition was the result of both the 1952 and 1955 accidents. The claimant testified that he was hurrying up the ladder to keep ahead of the men behind him and there is medical testimony in the record indicating that the climbing of the ladder brought on the heart attack. Thus there is substantial evidence in the record to support a finding that the climbing of the ladder in 1955 was at least a contributing factor in that accident and the board could properly hold both employers equally responsible for the award to the claimant. Decision and award unanimously affirmed, with costs to the respondents. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.